UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| KEITH D. HINES; DEENA HINES, | ) ) ) | |
| Plaintiffs, | ) ) | 3:10-cv-0674-LRH-VPC |
| v. | ) ) | ORDER |
| NATIONAL DEFAULT SERVICING CORPORATION; et al., | ) ) ) | |
| Defendants. | ) ) | |

Before the court is plaintiffs Keith and Deena Hines's ("the Hines") motion to remand filed on October 28, 2010. Doc. #3.[1] Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed an opposition to which the Hines replied.

**I.      Facts and Procedural History**

The Hines are owners of real property purchased through a mortgage note and deed of trust. The Hines defaulted on the mortgage note and defendants allegedly initiated non-judicial foreclosure proceedings.

Subsequently, the Hines filed a complaint in state court against defendants alleging five causes of action: (1) wrongful foreclosure; (2) fraud; (3) injunctive and declaratory relief; (4) abuse of process; and (5) debt collection violations. Doc. #1, Exhibit 2. Defendants removed the action to

---

[1] Refers to the court's docket entry number.

1  federal court based upon federal question jurisdiction. Doc. #1. Thereafter, the Hines filed the
2  present motion to remand. Doc. #3.

**II.  Legal Standard**

Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Removal of a case to a United States district court may be challenged by motion. 28 U.S.C. § 1441(c). A federal court must remand a matter if there is a lack of jurisdiction. *Id*. Removal statutes are construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). On a motion to remand, the removing defendant faces a strong presumption against removal, and bears the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566-67; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

**III.  Discussion**

A case may be removed to federal court if the action arises under federal law. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1441. A case arises under federal law if the complaint establishes either that federal law created the cause of action, or that the plaintiff's right to relief "requires resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 13 (1983); *see also, Caterpillar Inc. v. Williams*, 482 U.S. 386, 382 (1987).

The Hines's complaint alleges five causes of action. Doc. #1, Exhibit 2. Based on the face of the complaint, the Hines allege only state law claims insufficient to grant federal question jurisdiction. In opposition, Wells Fargo argues that removal is proper because the Hines's claims are rooted in federal law. *See Grable & Sons Metal Prod. v. Darue Engineering & MFG.*, 545 U.S 308, 312 (2005) (federal question jurisdiction will lie over state law claims that implicate

1  significant federal issues). Therefore, Wells Fargo contends the court may exercise federal question
2  jurisdiction.

3  However, contrary to Wells Fargo's position, the Nevada statutes at issue in the Hines's
4  complaint, namely NRS 649 et seq., define state claims that are separate from, and have distinct
5  legal precedents different than, their federal counterparts. Although federal regulations are
6  expressly noted in the Nevada statutes, these references only provide a framework for determining
7  the types of claims that can be brought under the state statutes. The fact that a violation of federal
8  law may be a predicate for the violation of state law does not automatically elevate the state claim
9  to a claim requiring "resolution of a substantial question of federal law" sufficient to establish
10 jurisdiction. *Franchise Tax Bd. of Cal*, 463 U.S. at 13. Further, the Nevada courts have interpreted
11 these statutes without implicating federal issues. *See e.g., State ex rel. List v. AAA Auto Leasing &*
12 *Rental*, 93 Nev. 483 (Nev. 1977) (enforcing NRS 598).

13 Accordingly, the court finds that the Hines's state law claims do not implicate significant
14 federal issues establishing federal question jurisdiction. *See e.g.*, *California ex. Rel Lockyer v.*
15 *Dynergy, Inc.*, 375 F.3d 831, 841 (9th Cir. 2004) (finding that removal was proper only because the
16 state causes of action turned on the defendant's compliance with federal regulations). Therefore,
17 the court cannot exercise federal question jurisdiction.

19 IT IS THEREFORE ORDERED that plaintiff's motion to remand (Doc. #3) is GRANTED.
20 IT IS SO ORDERED.
21 DATED this 15th day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3